UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION<br><br>*This Relates to the Indirect Purchaser Actions* | No. 1:14-md-02542 (VSB)<br><br>No. 1:14-cv-04391(VSB) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2021

**ORDER AND FINAL JUDGMENT**

<u>VERNON S. BRODERICK, United States District Judge</u>:

Indirect Purchaser Plaintiffs ("Plaintiffs" or "IPPs") and Keurig Green Mountain, Inc. ("Keurig" or "Defendant") entered into a Stipulation of Settlement and Release (the "Agreement"), (Doc. 1114-1), to fully and finally resolve the IPPs' claims against Keurig.

On December 16, 2020, I entered an Order Granting Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Approval of Settlement Administrator and Class Notice Plan (the "Preliminary Approval Order"). (Doc. 1216.) I later clarified this order on December 29, 2020. (Doc. 1218.) Among other things, the Preliminary Approval Order authorized Plaintiffs to disseminate notice of the settlement, fairness hearing, and related matters to the Settlement Class.

On May 7, 2021, Plaintiffs submitted Indirect Purchaser Plaintiffs' Motion for Final Approval of Class Action Settlement with Keurig (the "Motion"). (Docs. 1319–20, 1323.)

On June 4, 2021, I held a fairness hearing to determine whether the terms of the Agreement are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Keurig.

I have considered the Motion, any objections filed of record, oral argument presented at the fairness hearing, and the complete record and files in this matter.

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:

1. Unless otherwise defined herein, capitalized terms have the same meanings as defined in the Agreement.

2. I have jurisdiction over the subject matter of these Actions and over all parties to the Actions, including all Settlement Class Members.

3. The Preliminary Approval Order outlined the form and methods by which Plaintiffs would provide the Settlement Class with notice of the Settlement, the fairness hearing, and related matters. (Doc. 1216.) I incorporate by reference my previous findings from this Order.

4. The Notice Plan provided for notice through a nationwide press release, print notice in the national edition of *People* magazine, and electronic media—Google Display Network, Facebook, and LinkedIn—using a digital advertising campaign with links to a settlement website. Proof that Plaintiffs have complied with the Notice Plan has been filed with the Court. The Notice Plan met the requirements of due process and Federal Rule of Civil Procedure 23; constituted the most effective and best notice of the Agreement and fairness hearing practicable under the circumstances; and constituted due and sufficient notice for all other purposes to all other persons and entities entitled to receive notice.

5. No Settlement Class Member is relieved from the terms of the Agreement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual notice thereof. A full opportunity has been

offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.

6. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

7. The Preliminary Approval Order, dated December 16, 2020, certified the following Settlement Class solely for purposes of settlement:

> All individuals and entities in the United States and its territories that purchased Keurig K-Cup Portion Packs from persons other than Keurig and not for the purpose of resale, during the period September 7, 2010, to August 14, 2020 (except for claims under Mississippi law—which are for purchases during the period from March 14, 2011, to August 14, 2020—and Rhode Island Law—which are for purchases from July 15, 2013, to the August 14, 2020). Excluded from the Settlement Class are Keurig and its predecessors, subsidiaries, parents, affiliates, joint venturers, and their directors and executive officers, and parties to any supply, retail, or distribution contracts with Keurig relating to Keurig K-Cup Portion Packs or Keurig Brewers, as well as all federal governmental entities and instrumentalities of the federal government, states and their subdivisions, agencies and instrumentalities, any judge or jurors assigned to this case, and Judge Farnan.

8. I confirm that certification of the Settlement Class in the Preliminary Approval Order was without prejudice to, or waiver of the rights of, Keurig to contest certification of any other class proposed in *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 14-md-2542, ("The Multi-District Litigation"), or in any other proceeding, and that no plaintiff may cite or refer to the Court's approval of the Indirect Purchaser Settlement Class as persuasive or binding authority with respect to any motion to certify any other class in the Multi-District Litigation, or any other proceeding.

9. The persons and entities identified in Exhibit A, which is attached hereto and incorporated by reference, have timely and validly requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class, are not bound by this Order and

Judgment, and may not make any claim or receive any benefit from the settlement, whether monetary or otherwise. Such excluded persons or entities may not pursue any Released Claims on behalf of those who are bound by this Final Order and Judgment. Each member of the Settlement Class not appearing on Exhibit A is bound by this Order and Final Judgment and will remain forever bound.

10. Any Settlement Class Member who did not submit a timely and valid proof of claim is not entitled to receive any of the proceeds from the Settlement Fund, but is otherwise bound by all of the terms in the Agreement, including the terms of this Order and Final Judgment and the releases provided for in the Agreement, and is barred from bringing or participating in any action in any forum against the Defendant concerning the Released Claims.

11. I find that this settlement was procedurally fair and attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations aided by an experienced mediator, Judge Farnan, which negotiations were undertaken in good faith by counsel with significant experience litigating antitrust class actions. I incorporate by reference my findings from the Preliminary Approval Order, (Doc. 1216), as well as the findings I made at the June 4, 2021 fairness hearing.

12. After considering the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), the Court approves the Agreement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e), and in the best interests of the Settlement Class. The Settlement Class Representatives (as defined in the Preliminary Approval Order) and Keurig are directed to consummate the settlement in accordance with the terms and provisions of the Agreement. I note that I analyzed each *Grinnell* factor in detail at the June 4, 2021 fairness hearing, and I incorporate those findings by reference.

13. The Actions are hereby dismissed with prejudice and without costs.

14. Upon the occurrence of the Effective Date, the Releasing Parties release, acquit, forever discharge, and covenant not to sue the Released Parties from all claims, demands, actions, suits, and causes of action, whether class or individual, Plaintiffs have asserted or could have asserted in the Actions under federal or state law, or that are based on a common nucleus of operative fact, or similar conduct to any that is at issue in the Actions, as described in the Agreement. This release constitutes a waiver under California Civil Code Section 1542 and any similar, comparable, or equivalent provision, statute, regulation, rule, or principle of law or equity of any other state or applicable jurisdiction regarding the release of unknown claims, as described in the Agreement.

15. Keurig releases the Releasing Parties and Settlement Class Counsel from any and all claims that arise out of or relate in any way to the institution, prosecution, or settlement of the Released Claims against Keurig, as described in the Agreement.

16. None of this Order and Final Judgment, the Agreement, any documents relating to the Agreement, nor any of the negotiations, discussions, or proceedings connected with them shall be (a) admissible in evidence or referenced for any purpose in the Multi-District Litigation or in any other actions or proceedings, (b) deemed or construed to be an admission by any party to the Agreement or any Released Party of any fault, liability, or wrongdoing whatsoever, or evidence of any fact or matter in the Multi-District Litigation or in any other actions or proceedings, or (c) admissible in evidence as to the validity or merit of any of the claims or defenses alleged or asserted in the Multi-District Litigation, or in any other actions or proceedings. Evidence thereof shall also not be discoverable or used, directly or indirectly, in

any way in the Multi-District Litigation, or in any other actions or proceedings, except in a proceeding between a Released and Releasing Party to interpret or enforce the Agreement.

17. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over the Actions and the Agreement, including the administration, interpretation, consummation, and enforcement of the Agreement and this Order and Final Judgment.

18. The finality of this Order and Final Judgment shall not be affected in any manner by rulings that the Court may make on Settlement Class Counsel's application for an award of attorneys' fees and expenses or incentive awards to Settlement Class Representatives.

19. There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

20. In the event that the parties rescind the Agreement in accordance with its terms, the Agreement and all related proceedings shall be null and void, except as provided in the Agreement, without prejudice to the status quo and rights of the parties. In such event, the certification of the Settlement Class shall become null and void and shall not be used or referred to for any further purpose in the Actions or in any other action or proceeding, and shall not prejudice any party in arguing for or against the contested class certification in the Actions or in any other proceeding. Further in the event that the parties rescind the Agreement in accordance with its terms, any and all amounts then constituting the Settlement Fund (including all income earned thereon but excluding any taxes already paid on such income), less the actual costs of notice and reasonable administration costs incurred prior to such rescission not to exceed the sum of $625,000, shall be returned to the Defendant pursuant to the terms of the Agreement. In

the event that the parties rescind the Agreement in accordance with its terms, or if this Order Final Judgment is reversed or modified on appeal, then any award of fees and/or expenses is no longer payable and, if any portion of the awarded fees and/or expenses has already been paid from the Settlement Fund, each Settlement Class Counsel law firm shall refund to the Defendant those fees and/or expenses paid to that Settlement Class Counsel law firm pursuant to the terms of the Agreement.

SO ORDERED.

Dated: June 7, 2021
New York, New York

Vernon S. Broderick
United States District Judge

# EXHIBIT A

**REQUESTS FOR EXCLUSION**

Treehouse Foods, Inc.

Bay Valley Foods, LLC

Sturm Foods, Inc.

JBR, Inc.

McLane Company, Inc.